IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> RV FUN, INC., an Arizona corporation, d/b/a COWBOYS RV MART, <br><br> Defendant. | CV06-1675-PCT-EHC <br><br> **CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission") filed this action against RV Fun, Inc., doing business as Cowboy's RV Mart, under Title I of the Americans with Disabilities Act (ADA) of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Christiaan Calhoon, who was adversely affected by such practices. The Commission alleged that RV Fun, Inc. discriminated against Mr. Calhoon on the basis of his disability, Attention Deficit Disorder ("ADD"), by denying him a reasonable accommodation in his position of Recreational Vehicle

(RV) Cleaner and Washer and by discharging him because of his disability and because he requested a reasonable accommodation.

The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.  The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties agree that this action should be finally resolved by entry of this Decree.

It is ORDERED, ADJUDGED AND DECREED:

1.  This Decree resolves all claims arising out of the issues between the Commission and Defendant RV Fun, Inc. ("RV Fun" or "Defendant") in this lawsuit or raised in the charge of Christiaan Calhoon, No. 350-2004-03346, including without limitation, back pay, compensatory and punitive damages, injunctive relief, costs and attorney's fees.

## INJUNCTION

2.  Defendant and its officers, agents, employees, successors, and assigns both at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from: (a) discriminating against any employee on the basis of disability; (b) altering the terms and conditions of any employee's employment because of disability; (c) refusing to reasonably accommodate any employee who requires a reasonable accommodation, as required by the ADA, and; (d) retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by ADA; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal or State laws prohibiting discrimination or retaliation.

**MONETARY RELIEF**

3. Defendant shall pay the amount of $30,000. The payment shall be made directly to Christiaan Calhoon by check or money order at the address provided by the EEOC. This payment represents settlement of compensatory damages. Defendant shall make no deductions from this amount. The compensation is to be paid within ten (10) calendar days of the entry of this Consent Decree. By January 31, 2007, Defendant shall issue United States Internal Revenue Service Form 1099 to Mr. Calhoon for the payment.

4. Within 5 business days of the date the check or money order is placed in the mail pursuant to this Consent Decree, a copy of the check will be furnished to the Regional Attorney, Equal Employment Opportunity Commission, Phoenix District Office, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

**OTHER RELIEF**

5. Defendant will institute and carry out policies and procedures that help assure a work environment free from disability discrimination for its employees, that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by the ADA and that provide procedures for employees to request reasonable accommodations.

6. Defendant will post the Notice contained in the attached Attachment A. The Notice will be posted in an appropriate place frequented by employees, for the duration of this decree. The Notice shall be the same type, size, and style as Attachment A.

7. To assist Defendant in understanding disability discrimination, Defendant shall require its CEO, Sherman Henson, to attend a course, seminar or training session on awareness of and sensitivity to disabilities, which includes mental disabilities.

  a. Defendant will arrange for and be financially responsible for the course, seminar, or training session.

  b. The course, seminar, or training session selected shall be subject to approval by the Commission.

        c.       The training shall be at least two (2) hours in length, including twenty (20) minutes for questions and answers.

        d.       The training shall be completed within ninety (90) days of entry of this consent decree.

        e.       The training shall focus on the ADA, including mental disabilities. The Training will include the subject of what constitutes a disability and shall also cover typical manifestations of mental disabilities in the workplace at both the application and employment phases; common challenges faced by individuals with mental disabilities in the workplace; the interactive process and possible accommodations of mental disabilities; and informational resources available to employers of individuals with mental disabilities.

8.       To assist Defendant in achieving and maintaining compliance in the area of anti-discrimination and equal employment opportunity with respect to the ADA, within sixty (60) days of the entry of the Decree, Defendant will select, subject to approval of the EEOC, an appropriate and qualified employee or appropriate and qualified third-party administrator to be responsible for the duties described in Paragraph 9.   The EEOC shall notify Defendant within fourteen (14) days whether or not it approves of Defendant's choice.  If Defendant selects one of its employees rather than a third-party administrator, the EEOC may condition its approval of the selectee upon the selectee's completion of additional training on disability discrimination and the provisions of the ADA.   The training in paragraph 7 shall suffice.  In the event that the EEOC and Defendant are unable to agree on the selection of an employee or third-party administrator, they may each submit the names and curriculum vitae of not more than two proposed employees or third-party administrators, and the Court will make the selection.

9.       The employee or third-party administrator selected pursuant to Paragraph 8 shall be responsible for:  (a) creating and implementing, and/or reviewing and revising, Defendant's ADA anti-discrimination policies; (b) creating and implementing, and/or reviewing and revising, Defendant's procedures with respect to responding to and

keeping records regarding ADA complaints received; (c) receiving and investigating ADA complaints of discrimination; (d) evaluating and, if appropriate, referring employees to Defendant for discipline or termination for violation of Defendant's anti-discrimination policies; (e) evaluating employees in the area of anti-discrimination/equal employment opportunity policies with respect to the ADA; and (f) preparing reports to the Commission, as required by this Decree.

10. Defendant will provide training on disability discrimination and retaliation, according to the following terms:

  a. Defendant will arrange for and be financially responsible for a consultant/lecturer(s) who will provide consultation and a training session for all of its employees. The training session(s) shall be provided jointly by the consultant/lecturer(s).

  b. The seminar training session shall be at least one and one-half (1 ½) hours in length, including thirty (30) minutes for questions and answers. All of Defendant's supervisory, management and non-supervisory employees shall attend the seminar session.

  c. Defendant shall keep a written record of all employees who attend the training. Defendant may at its election have duplicative sessions to accommodate staffing needs or videotape the training session. Defendant shall be responsible for any additional costs to provide such duplicative or videotaped sessions.

  d. The seminar-training session shall be held within four months of the entry of the consent decree.

  e. All personnel, designated in Paragraphs 10(a) and (b) above, shall both register for and attend the seminar-training session or view a videotape of the session. The registry of attendance shall be retained by Defendant for the duration of the Decree.

   f. The training will include the subject of what constitutes disability discrimination, as well as retaliation for engaging in protected activity under the ADA.  In addition, the training will cover the myths often associated with the ability of disabled individuals to work.  The training will also cover discrimination in violation of the ADA in the hiring, firing, compensation, assignment or other terms, conditions or privileges of employment; the prevention of discrimination; how to provide a work environment free from discrimination, harassment and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to discrimination, harassment or retaliation in the workplace. The session shall also review and explain Defendant's disability policies.

  11. During the live training session(s), Defendant's CEO will speak to the employees about the discipline that can be taken against supervisors, managers and employees who commit acts of disability discrimination, harassment or retaliation or allow discrimination, harassment or retaliation to occur in the workplace; the importance of maintaining an environment free of discrimination; and Defendant's ADA anti-discrimination policies.

  12. The Commission, at its discretion, may designate representatives to attend the seminar-training sessions. The representatives shall have the right to participate in the sessions.

  13. Within ninety (90) days of the entry of this Decree, Defendant will create and implement written policies concerning discrimination and retaliation that conform with the law.  Defendant's written policies must include, at a minimum:

   a. A strong and clear commitment to a workplace free of disability discrimination;

   b. A clear and strong encouragement of persons who believe they have been discriminated against to come forward;

      c.      A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

      d.      A statement of Defendant's intent to handle complaints of disability discrimination as confidentially as appropriate under the circumstances;

      e.      An assurance of non-retaliation for persons who believe they have been discriminated against and for witnesses of discrimination;

      f.      That discrimination on the basis of disability by anyone, including management officials, supervisors, vendors, suppliers, third parties and customers, is prohibited and will not be tolerated;

      g.      The identification of specific alternative individuals, including managers with their telephone numbers, to whom employees who have been subjected to disability discrimination can report the discrimination and who have the authority to investigate allegations of discrimination in a neutral and confidential manner;

      h.      A written statement that an employee may report the harassment to a designated person outside of his or her chain of management should the complainant believe managers in the chain of command have a conflict of interest, are implicated in the allegations, or may not adequately investigate the complaint;

      i.      Assurances that Defendant will investigate allegations of disability discrimination promptly, fairly, reasonably and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the discrimination;

      j.      A written statement assuring employees who need a reasonable accommodation to enable them to complain or to participate in the investigation process that they shall be provided such accommodation and advising them how to obtain such accommodation.  The statement shall also include a provision stating that managers are not allowed to withdraw previously approved accommodations without approval of the CEO; and

      k.     Information regarding the employee's right to file a charge of discrimination with the EEOC or the Arizona Civil Rights Division ("ACRD"), including contact telephone, TDY/TDD and addresses for the EEOC and ACRD.

14. These policies shall be posted in a prominent location at Defendant's facilities in Arizona.  These policies shall be transmitted to Defendant's employees by its CEO and distributed to each current employee within ninety (90) days of the entry of the Decree. These policies shall be distributed to all new employees when hired.  These policies also shall be posted in a prominent place frequented by Defendant's employees.  Defendant shall make these written policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audiotape format.

15. Defendant shall promptly and appropriately investigate all complaints of disability discrimination.  The investigation must include a finding of whether discrimination occurred, a credibility assessment; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation. Defendant shall take immediate appropriate corrective action to make discrimination victims whole, to discipline violators and to eradicate the discrimination.

16. Defendant shall not retain documents related to the investigation in any of the complainant's personnel files.  All disciplinary actions taken against employees for violation of Defendant's ADA anti-discrimination policy will be retained in the violator's personnel file.  In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged violator's file.

### APOLOGY LETTER

17. Within fourteen (14) days of the entry of the Decree, Defendant's CEO shall prepare a letter of apology to Mr. Calhoon as attached as Attachment B.  Within 5 business days of the date the letter of apology is placed in the mail pursuant to this Consent Decree, a copy of the letter of apology will be furnished to the Regional

Attorney, Equal Employment Opportunity Commission, Phoenix District Office, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

### REPORTING BY DEFENDANT AND ACCESS BY EEOC

18.     Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 N. Central Ave., Suite 690, Phoenix, Arizona 85012, beginning six months from the date of the entry of this Decree, and thereafter every six months for the duration of the Decree the following information:

   a.     Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subject of disability discrimination and retaliation.

   b.     The name, address, position, social security number and telephone number of any individual who has brought allegations of discrimination and/or retaliation against Defendant's personnel, formal or informal, including, but not limited to, management officials, vendors, agents, employees and/or customers, during the six months preceding the report. The nature of the complaint, investigatory efforts made by Defendant and the corrective action taken, if any, shall be specified.

   c.     The registry of persons attending the seminar(s) required in Paragraph 10(e) of this Decree and a list of current personnel employed by Defendant on the days of the seminar-training sessions.

   d.     Confirmation that:  (i) the Notice required in Paragraph 6 of this Decree was posted and the location(s) where it was posted; and (ii) the policies required in Paragraph 13 were distributed to each current and new employee and posted.

19.     The Commission, upon reasonable notice, shall have the right to enter and inspect Defendant's premises to ensure compliance with this Decree and the ADA's prohibition of disability discrimination, as well as retaliation.

**AFFIDAVIT OF COMPLIANCE**

20. Defendant will report in writing and in affidavit form to the Commission on a semi-annual bases within six (6) months from the entry of this Decree. The affidavit shall attest that Defendant has taken the action required with each and every provision of this Consent Decree.

21. The duration of this Decree shall be twenty-four (24) months from the date of its entry.

22. The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of entry of this Decree.

23. This Court shall retain jurisdiction of this action for a period of twenty-four (24) months after entry of the Decree. This Decree shall expire by its own terms at the end of twenty-four (24) months after entry of the Decree, without further action by the parties or the Court.

24. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

25. The parties agree to the entry of this decree subject to final approval by the Court.

Dated this 13th day of December, 2006.

_____
Earl H. Carroll
United States District Judge

APPROVED AND CONSENTED TO:


s/Mary Jo O'Neill
Mary Jo O'Neill
Regional Attorney

s/ Sally C. Shanley
Sally C. Shanley
Supervisory Trial Attorney

s/ Valerie L. Meyer
Valerie L. Meyer
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
Suite 690
3300 North Central Avenue
Phoenix, Arizona 85012
(602) 640-4988
Attorneys for Plaintiff


s/ Richard J. Galván
Richard J. Galván, Esq.
Carson, Messinger, Elliott,
Laughlin & Ragan, P.L.L.C.
3300 N. Central Avenue, 19th Floor
Phoenix, Arizona 85012

Attorneys for Defendant


s/ Sherman Henson
Sherman Henson
CEO, RV Fun, Inc.

Attachment A
# NOTICE TO ALL EMPLOYEES OF
## RV FUN, INC (doing business as COWBOY'S RV MART)

This notice is posted pursuant to a consent decree entered into in the Americans with Disabilities Act case *EEOC v. RV Fun, Inc., d/b/a Cowboy's RV Mart*, CIV-06-1675-PCT-EHC.

It is unlawful under federal law (the Americans with Disabilities Act) and state law to discriminate against an employee on the basis of disability.  It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

Cowboy's RV Mart will not discriminate against any employee on the basis of disability and will not retaliate against any employee.

If you believe you have been discriminated against by Cowboy's RV Mart, you have the right to seek assistance from:

(1)     EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

(2)     Arizona Civil Rights Division (ACRD) of the Attorney General's Office, 1275 W. Washington, Phoenix, Arizona, 85007, (602) 255-5263.

and/or have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against.

No Retaliation Clause.  No action may be taken against you by any supervisory or management official of Cowboy's RV Mart  for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under state or federal law anti-discrimination laws.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD and the address or telephone numbers listed above.

Dated:                    _____
                          Sherman Henson
                          RV Fun, Inc./Cowboy's RV Mart

**Attachment B**

[Cowboy's RV Mart Letterhead]

[Date]

Christiaan Calhoon
[Address]

Dear Mr. Calhoon,

As you are aware, a lawsuit was filed by the Equal Employment Opportunity Commission against RV Fun, Inc. (doing business as Cowboy's RV Mart) alleging termination based on disability and failure to reasonably accommodate you.

Please accept my apology on behalf of myself and Cowboy's RV Mart for any failure to accommodate you and negative treatment you endured because of your disability while you worked for us.  Please accept my commitment that the company will take the necessary steps to ensure that current and future employees with disabilities will be accommodated and that employees will not be subjected to any harassment or retaliation.

I appreciate the service you provided to us.  I wish you the best of luck in the future.

Sincerely,


Sherman Henson
CEO, RV Fun, Inc. (doing business as Cowboy's RV Mart)